1

2

3

4

5                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF WASHINGTON
6

7   TROY L. MAJOR,                    )
                                      )  No. CV-07-0318-CI
8            Plaintiff,               )
                                      )  ORDER DENYING PLAINTIFF'S
9   v.                                )  MOTION FOR SUMMARY JUDGMENT
                                      )  AND DIRECTING ENTRY OF
10  MICHAEL J. ASTRUE, Commissioner   )  JUDGMENT FOR DEFENDANT
    of Social Security,               )
11                                    )
             Defendant.               )
12  _____    )

13

14        Before the court are cross-Motions for Summary Judgment. (Ct.

15  Recs. 12, 16.)    Attorney Maureen J. Rosette represents the

16  Plaintiff.    Special Assistant United States Attorney Richard

17  Rodriguez represents the Defendant.    The parties have consented to

18  proceed before a magistrate judge.   (Ct. Rec. 19.)   After reviewing

19  the administrative record and briefs filed by the parties, the court

20  **DENIES** Plaintiff's Motion for Summary Judgment and **GRANTS**

21  Defendant's Motion for Summary Judgment.

22                            **JURISDICTION**

23        Troy Major (Plaintiff), protectively filed for a period of

24  disability and disability insurance benefits (DIB) and Supplemental

25  Security Income benefits on December 20, 2004. (Tr. 78.)  He alleged

26  disability due a knee injury, with an alleged onset date of October

27  2003.  (Tr. 57, 183.)  His application was denied both initially and

28  upon reconsideration. (Tr. 57.)   He timely requested a hearing,

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT  - 1

1  which was held on September 11, 2006, before Administrative Law

2  Judge Richard Say.  (Tr. 180.)    No testimony was taken.  The

3  hearing was continued to November 8, 2006, so Plaintiff could retain

4  counsel. (Tr. 190.) Plaintiff, who was represented by counsel, lay

5  witness Margaret Dean and vocational expert Jill Dempsey testified

6  at the second hearing. (Tr. 189.)   The ALJ denied Plaintiff's

7  application and the Appeals Council denied review, making the ALJ's

8  decision the final decision of the Commissioner. (Tr. 5-7.)   The

9  instant matter is before the district court pursuant to 42 U.S.C. §

10  405(g).

11                          **STANDARD OF REVIEW**

12       In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the

13  court set out the standard of review:

14          A district court's order upholding the Commissioner's
            denial of benefits is reviewed de novo. *Harman v. Apfel*,
15          211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the
            Commissioner may be reversed only if it is not supported
16          by substantial evidence or if it is based on legal error.
            *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).
17          Substantial evidence is defined as being more than a mere
            scintilla, but less than a preponderance. *Id.* at 1098. Put
18          another way, substantial evidence is such relevant
            evidence as a reasonable mind might accept as adequate to
19          support a conclusion.  *Richardson v. Perales*, 402 U.S.
            389, 401 (1971). If the evidence is susceptible to more
20          than one rational interpretation, the court may not
            substitute its judgment for that of the Commissioner.
21          *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of
            Social. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

22
            The ALJ is responsible for determining credibility,
23          resolving conflicts in medical testimony, and resolving
            ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th
24          Cir. 1995).  The ALJ's determinations of law are reviewed
            *de novo*, although deference is owed to a reasonable
25          construction of the applicable statutes. *McNatt v. Apfel*,
            201 F.3d 1084, 1087 (9th Cir. 2000).

26
                          **SEQUENTIAL EVALUATION**
27
       The Social Security Act defines "disability" as the "inability
28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT  - 2

to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner is governed by a five-step sequential evaluation process for determining whether a plaintiff is disabled. 20 C.F.R. §§ 404.1520, 416.920, *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). As explained by the court in *Edlund*:

> In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id.* (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

*Edlund*, 253 F.3d at 1156-1157.

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. In steps one through four, a claimant must demonstrate a severe impairment and an inability to perform past work. *Erickson v. Shalala,* 9 F.3d 813, 816-17 (9th Cir. 1993). If a claimant meets those requirements, the burden shifts to the Commissioner to demonstrate a claimant can engage in other types of substantial gainful work which exist in the national economy. *Id.* at 817 (*citing Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984)).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT  - 3

To make this determination, the Commissioner must consider a claimant's age, education, and work experience.  20 C.F.R. § 404.1520(a)(v).  *See Bowen v. Yuckert,* 482 U.S. 137, 107 S.Ct. 2287 (1987).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence.  *Richardson,* 402 U.S. at 400.  If evidence supports more than one rational impairment, the court may not substitute its judgment for that of the Commissioner.  *Tackett*, 180 F.3d at 1097;  *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).  Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

### STATEMENT OF THE CASE

Detailed facts of the case are set forth in the transcript of proceedings and the ALJ's decision and are briefly summarized here. Plaintiff was 48 at the time of the hearing, had an 11th grade education and no high school equivalency degree.  (Tr. 192-93.)  He was not married and lived in a house with a friend and her two children.  (Tr. 193.)  He testified he could read, write and do math.  (Tr. 194.)  He stated he became disabled on October 1, 2003, due to a knee injury.  He also testified he suffered from high blood

pressure which caused headaches, for which he was taking medication. (Tr. 194-95.)  He stated new medication made the headaches milder. (Tr. 201.)  He testified he could lift 10-15 pounds, could sit for about a half-hour to 45 minutes before he had to stretch his legs, could stand for about five to ten minutes, and walk a block or two before having to rest.  He stated he could climb a flight of stairs slowly.  (Tr. 199.)  He testified he had not received treatment for his knee because he did not have medical insurance.  He stated he is a recovering alcoholic and had been clean and sober for two and one-half years.  (Tr. 200.)  He also stated he has headaches three or four times a week and no energy.  (Tr. 201-02.)  He had past work experience as a newspaper delivery driver, stock clerk, cleaner, housekeeper, and cashier.  (Tr. 209-10.)  He testified he stopped working because he hurt his knee while playing basketball.  (Tr. 194.)

**ADMINISTRATIVE DECISION**

At step one, ALJ Say found Plaintiff had not engaged in substantial gainful activity since the onset of the disability. (Tr. 15.)  At step two, he found Plaintiff's left knee injury was a severe impairment and his medically documented conditions of prior fractures, alcohol abuse, hypertension and headaches were non-severe.  (Tr. 16.)  At step three, the ALJ found Plaintiff's impairments or combination of impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listings).  (Tr. 17.)  At step four, the ALJ determined Plaintiff could perform work at the sedentary exertional level, and retained the residual functional capacity (RFC) to:

> [L]ift and/or carry and push and/or pull less than 10
> pounds frequently and up to 10 pounds occasionally; sit
> for up to 6 hours in an 8 hour day with normal breaks;
> stand and/or walk up to 2 hours in an 8 hour day with
> normal breaks; handle and finger frequently; avoid ladders
> and driving; and, perform occasional stooping, crouching,
> crawling, kneeling, balancing, climbing stairs and use of
> foot pedals.

(Tr. 17.)

The ALJ found that Plaintiff's statements concerning the limiting effects of his impairments were not entirely credible, but that his testimony supported the assessed RFC for sedentary work. (Tr. 18-19.)   Considering vocational expert testimony, the ALJ determined Plaintiff was unable to perform past relevant work. Proceeding to step five, the ALJ considered the Medical-Vocational Guidelines (Grids) and vocational expert testimony, and found Plaintiff could perform other work in the national economy.   He concluded Plaintiff had not been under a disability, as defined by the Social Security Act, through the date of the decision. (Tr. 20-21.)

**ISSUES**

The question presented is whether the ALJ's decision is supported by substantial evidence and is free of legal error. Plaintiff argues that the ALJ erred when he: (1) improperly rejected Plaintiff's subjective symptom complaints; (2) presented an inaccurate hypothetical to the vocational expert; (3) made his RFC determination.   (Ct. Rec. 13.)

**DISCUSSION**

**A.    Credibility**

In *Fair v. Bowen,* 885 F.2d 597 (9th Cir. 2001), the Ninth

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT  - 6

Circuit discussed a claimant's burden of presenting "objective medical evidence establishing an impairment" in disability proceedings:

> This is a threshold requirement that cannot be overlooked. Our pain cases interpret a statute that provides: "An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings . . . which show the existence of a medical impairment . . . which could reasonably be expected to produce the pain or other symptoms alleged." 42 U.S.C. §423(d)(5)(A) (Supp.V 1987). *See Swenson v. Sullivan,* 876 F.2d 683, 687 & n. 2 (9th Cir. 1989).

*Fair*, 885 F.2d at 601-02.

As stated in the Regulations, because an impairment cannot be established by a claimant's statement of symptoms alone, the lack of evidence indicating anatomical, physiological or psychological abnormalities by "medically acceptable clinical and laboratory diagnostic techniques" precludes a finding that a claimant is unable to perform work due to the alleged symptoms. 20 C.F.R. §§ 404.1508, 416.908.

Evidence of a medical provider's efforts to evaluate and treat a claimant is not sufficient to establish an impairment. *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005). In *Ukolov*, the court held that a claimant's own perception of an impairment, "unaccompanied by a diagnosis or finding of impairment does not and cannot establish the existence of a disability." *Id*. at 1006. A medical opinion sufficient to establish an impairment must include "'symptoms [and a] diagnosis.'" *Id*. (*quoting Social Security Ruling (SSR)* 96-4p.)

Once there is evidence of a medically determinable impairment

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT  - 7

likely to cause alleged symptoms, the ALJ must provide specific and cogent reasons for rejecting a claimant's subjective complaints. *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991). When an ALJ finds the claimant's testimony as to the severity of symptoms is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude the ALJ did not arbitrarily discredit claimant's testimony. *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002). Further, where medical evidence of an impairment is presented, the lack of objective medical evidence to corroborate severity is only one factor considered by the Commissioner. *Bunnell*, 947 F.3d at 345. In addition to the "ordinary techniques of credibility evaluation," the following factors also may be considered: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) claimant's daily living activities; (4) claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's condition. *Id.; see also Thomas*, 278 F.3d at 958.

In the absence of affirmative evidence of malingering, the ALJ's reasons for rejecting a claimant's subjective complaints must be "clear and convincing." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038-39 (9th Cir. 2007); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *Morgan*, 169 F.3d at 599. The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001) (citation omitted).

"[Q]uestions of credibility and resolutions of conflicts in the testimony are functions solely of the Secretary." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) (*quoting Waters v. Gardner*, 452 F.2d 855 n.7 (9th Cir. 1971).

Here, the ALJ found Plaintiff's left knee injury was a severe impairment that could reasonably cause the Plaintiff's alleged symptoms, but imaging reports and the medical evidence as a whole did not support Plaintiff's statements regarding the severity of limitations caused by his knee condition. (Tr. 18-19, .) Medical evidence is properly considered during a credibility assessment, but cannot be the sole reason for rejecting a claimant's testimony. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). In addition to lack of objective medical evidence support, the ALJ found Plaintiff's testimony was not consistent with the observations by examining Dr. Shanks in December 2004, who stated Plaintiff was able to perform light to medium exertional level work with no heavy lifting or squatting, (Tr. 16, 18, 131-33), and treating Dr. Mueller's opinions in August 2005 and August 2006, that Plaintiff could still perform light work. Dr. Mueller also observed that recent imaging reports did not explain the degree of pain claimed, casting doubt on the reliability of Plaintiff's self-report. (Tr. 16, 18-19, 146-49, 161-63.)

An ALJ does not have to reject a claimant's testimony in its entirety. *SSR* 96-7. Here, the ALJ credited Plaintiff's hearing testimony that he could lift up to 15 pounds, sit for 30 to 45 minutes before having to stretch, stand 5 to 10 minutes and walk one to 2 blocks. (Tr. 18, 199.) This testimony is consistent with the

ALJ's finding that Plaintiff was capable of sedentary work [1] with
normal breaks, avoidance of driving and ladders, and limitations on
bending, squatting, kneeling, stooping, etc.  (Tr. 17, 211-12.)

Regarding Plaintiff's alleged symptoms of headache and fatigue,
the ALJ found no medical evidence of limitations due to high blood
pressure or headaches in the record.  (Tr. 19.)  He found
Plaintiff's statements at the hearing were not consistent with
clinical notes, which contained "no complaints of fatigue or lack of
energy." (*Id*.)  A Plaintiff's statements alone cannot establish an
impairment.  The evidence supports this legally sufficient reason
for discounting Plaintiff's testimony.[2]  (Tr. 150-53, 157, 160,
161.)

Finally, the ALJ "may draw inferences logically flowing from
the evidence."  *Sample*, 694 F.2d at 642.  In support of his
credibility determination, the ALJ reasoned Plaintiff's condition
was not sufficiently limiting to entitle him to public assistance
from other agencies.  (Tr. 19.)  Decisions from other agencies are

---

[1]  Sedentary work involves lifting no more than 10 pounds at a
time, occasionally lifting small articles or tools, standing and
walking occasionally.  Typically, sedentary jobs are performed in a
seated position with no significant stooping, and require good use
of the hands and fingers.  *SSR* 83-10.

[2]  Because the medical record contains no medical evidence that
Plaintiff's high blood pressure and headaches caused more than "a
minimal effect" on Plaintiff's ability to perform work, the ALJ did
not err in finding these conditions were non-severe at step two.
*Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT  - 10

considered properly by the Commissioner in evaluating medical evidence.  *See SSR* 06-03p (other agency decisions may provide insight into a claimant's impairments and degree of disability). If the evidence supports more than one rational interpretation, the Commissioner's determination must be upheld.  *Sample*, 694 F.2d at 642.   The ALJ properly addressed Plaintiff's symptom testimony and gave "clear and convincing" reasons for partially discounting Plaintiff's subjective symptom statements.

**B.   Hypothetical Question**

Plaintiff claims the ALJ erred when he posed a hypothetical question to the vocational expert that did not reflect the ALJ's final RFC determination of a sedentary exertional level. Specifically, he argues that the vocational expert responded to a hypothetical individual who could lift 10 pounds frequently and 20 pounds occasionally, rather than the 10 pound limitation for sedentary work.  (Ct. Rec. 13 at 10.)   While it is true that the ALJ's first hypothetical included some "light" exertional levels, and the final RFC determination was an ability to perform "sedentary" work, the Regulations dictate that when a person can perform light work, she or he can also perform sedentary work.  20 C.F.R. §§ 404.1567 (b), 416.067 (b).  Further, the record clearly shows that the ALJ properly refined his hypothetical to the vocational expert by specifying the individual was "limited to sedentary activities primarily because of his limitations in standing and walking.  He can probably lift at the light exertional level."  (Tr. 210.)  *See Distasio v. Shalala*, 47 F.3d 348, 350 (9th Cir. 1995) (vocational expert can opine whether particular claimant

can perform jobs between two exertional levels); *see also SSR* 83-14 (evaluating combinations of exertional and nonexertional limitations). The vocational expert specifically opined a person who could perform the limited light level propounded, could also perform certain sedentary jobs within the national economy, including assembler, surveillance system monitor, and order clerk. (Tr. 211-12.)

In addition, when asked by the ALJ whether there were jobs available if Plaintiff's testimony were credited, the vocational expert opined, "[O]ther than his napping and low energy, the other criteria [Plaintiff] outlined would likely, those [sedentary] jobs that I quoted would likely be doable." (Tr. 212.) As discussed above, the ALJ properly rejected the Plaintiff's testimony regarding the severity of headaches and fatigue. Therefore, the two hypotheticals presented by the ALJ to the vocational expert at step five were "accurate, detailed and supported by the medical record" in its entirety. *Tackett*, 180 F.3d at 1101. The ALJ properly relied on the vocational expert testimony and the Commissioner met his burden at step five.

**C. Final RFC Determination**

It is well settled that the ALJ is "responsible for determining credibility, resolving conflicts in medical testimony and for resolving ambiguities," in these proceedings. *Richardson,* 402 U.S. at 400; *Andrews*, 53 F.3d at 1039; *SSR* 96-8p. The final determination regarding a claimant's ability to perform basic work is the sole responsibility of the Commissioner. 20 C.F.R. § 416.946; *SSR* 96-5p (RFC assessment is an administrative finding of


fact reserved to the Commissioner). Further, where ALJ's determination is a rational interpretation of the evidence, the court will not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097. As discussed above, the ALJ's evaluation of the evidence and credibility determination are supported by substantial evidence. Although the evidence may be susceptible to another interpretation, the ALJ's interpretation is reasonable and must be upheld. *Id*.

Plaintiff's argument that the ALJ's failure to include limitations propounded by Plaintiff's counsel at the hearing is legal error is without merit. An ALJ is not obligated to include limitations presented by counsel if they are not supported by substantial evidence in the record. *Osenbrock v. Apfel*, 240 F.3d 1157, 1164-66 (9th Cir. 2001). As discussed above, other than Plaintiff's properly discounted statements, there was no evidence that headaches due to high blood pressure and/or fatigue caused significant limitations in Plaintiff's ability to work. Therefore, the ALJ did not err in his final RFC determination.

## CONCLUSION

The ALJ's ultimate findings of non-disability are based on substantial evidence from the entire record and free of legal error. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment (**Ct. Rec. 12)** is **DENIED.**

2. Defendant's Motion for Summary Judgment (**Ct. Rec. 16)** is **GRANTED**.

1      3.   Judgment for the **DEFENDANT** shall be entered. The District

2   Court Executive is directed to enter this Order, forward copies to

3   counsel, and thereafter shall close this file.

4      DATED October 30, 2008.

5

6                          S/ CYNTHIA IMBROGNO
                      _____
7                      UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT  - 14